UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIJAH PARKER BEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 18-CV-3226 |
| JUDGE JAMES L. ROBERTS, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from his detention in the Montgomery County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff challenges actions taken in Plaintiff's pending criminal case in Montgomery County, 2017CF118. (www.judicid.com, last visited 10/11/18.) He appears to argue that the Montgomery County Circuit Court has no jurisdiction over him because he is a citizen of Morocco, and that, because he is a Moor (of the Moorish Science Temple), possessing and delivering cannabis is not illegal.

Plaintiff filed a complaint with similar allegations about one year ago, which was dismissed as frivolous and for failure to state a claim. The Court explained that the allegations did not allow a plausible inference that Plaintiff's constitutional rights were or are being violated in his criminal proceedings. The Court further explained that, even if Plaintiff's constitutional rights are being violated in his criminal proceedings, that argument belongs first in Plaintiff's criminal case and then in appeals to the Illinois Appellate Court and Illinois Supreme Court. Lastly, the Court explained that

Judge Roberts and the State's Attorney are immune from damages for their actions taken in court, and officers executing warrants issued by judges do not violate the Constitution.

In this case, Plaintiff makes the same challenges to Judge Robert's latest rulings. This Court reaches the same conclusion as in Plaintiff's prior case. Plaintiff's challenges to those rulings belong in his criminal proceedings and then in appeals to the Illinois Appellate and Illinois Supreme Court.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2) A strike is assessed against Plaintiff pursuant to 28 U.S.C. 1915(g).

3) According to the Court's count, Plaintiff has now accumulated three strikes (dismissals for failure to state a claim or as frivolous): 1) this case; 2) <u>Parker-Bey v. Taylor</u>, 11-cv-132 (S.D. Ill.)(3/5/11 order dismissing for failure to state a claim); and 3) <u>Parker-Bey v. Peoples of the State of Illinois, et al.</u>, 17-cv-3224 (C.D.

Ill.)  That means that Plaintiff may not proceed in forma pauperis in future cases unless Plaintiff is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

4.  The clerk is directed to record all three of Plaintiff's strikes in the strike log.

5.  The clerk is directed to close this case and enter judgment.

6.  If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:  October 11, 2018

FOR THE COURT:

          **s/Sue E. Myerscough**
          SUE E. MYERSCOUGH
     UNITED STATES DISTRICT JUDGE